## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JEFFREY ALLEN LLOYD, | Case No. 18-CV-3077 (WMW/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CENTURY LINK, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Jeffrey Allen Lloyd's (1) Complaint, ECF No. 1, and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 (Pro Se Application).  For the following reasons, the Court recommends (1) dismissing this action without prejudice for lack of jurisdiction, and (2) denying the Pro Se Application as moot.  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  After reviewing the Complaint, the Court finds that it lacks subject-matter jurisdiction here.

The Complaint asks this Court to demand that Defendant Century Link provide Lloyd with the "detailed phone records" of a particular account.  Compl. 4.  (It appears that the account for which Lloyd seeks records is that of a business named Lloyd's Cylinder Head Repair.  *See id.*)  Lloyd suggests that federal-question jurisdiction exists here, but when asked what "Federal Constitutional, statutory or treaty right is at issue," he gives no response.  *Id.* at 3.  Furthermore, the Court is unaware of any federal law permitting Lloyd

to file a standalone action seeking phone records.[1]  As a result, federal-question jurisdiction does not exist here.

As this Court lacks subject-matter jurisdiction over this action,[2] the Court recommends that this action be dismissed without prejudice and that the Pro Se Application be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED without prejudice for lack of jurisdiction.

2. Plaintiff's request to proceed in this action pro se (ECF No. 2) be DENIED as moot.

Dated: December 7, 2018                              s/ *Steven E. Rau*
                                                     Steven E. Rau
                                                     U.S. Magistrate Judge

---

[1] Were Lloyd engaged in some other litigation—against Century Link or another party—those proceedings could give rise to a subpoena that would require Century Link to turn over relevant records.  *See generally, e.g.*, Fed. R. Civ. P. 45 (providing rules relevant to subpoenas).  But nothing in Lloyd's filings suggests that some other litigation presently exists that could support Lloyd's request.

[2] Lloyd does not assert that diversity jurisdiction under 28 U.S.C. § 1332 exists here, but even if he did, the assertion would fall flat.  Lloyd appears to be a Minnesota citizen, *see* Compl. 1, but he does not identify Century Link's state of citizenship, nor does he assert that the amount in controversy here is over $75,000.  *Cf.* 28 U.S.C. § 1332 (establishing diversity-jurisdiction requirements).